Filed 5/12/22  P. v. Yang CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HOI SOO YANG,<br><br>    Defendant and Appellant. | H049131<br>(Santa Clara County<br>Super. Ct. Nos. C2013116, C2001255,<br>B2001981, B2001407) |

As part of a negotiated disposition to resolve four separate cases, defendant Hoi Soo Yang pleaded no contest to multiple charges, most related to possessing stolen checks and credit cards.  He was sentenced as agreed to an aggregate term of four years eight months in county jail (Pen. Code, § 1170, subd. (h)), including release to mandatory supervision after serving two years.  Defendant appealed from the judgment and his appointed counsel filed an opening brief raising no issues.  The clerk of this court notified defendant of his right to submit a brief on his own behalf.  He has not done so.  We therefore briefly describe the underlying proceedings.  Finding no arguable appellate issue, we will affirm the judgment.  (See *People v. Wende* (1979) 25 Cal.3d 436, 440–441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

Defendant's convictions stem from four arrests in 2020.  In January of that year, police responded to a call from a hotel reporting fraud and found defendant with stolen checks and credit cards.  He was charged with acquiring personal information with intent to defraud (Pen. Code, § 530.5, subd. (c)(2)).  (Case No. C2001255.)

In April, police responded to a fraud call from another hotel and found defendant with stolen credit cards in a stolen U-Haul van. He was charged with unlawful possession of a vehicle (Veh. Code, § 10851, subd. (a)) and acquiring personal information with intent to defraud (Pen. Code, § 530.5, subd. (c)(2)). (Case No. B2001407.)

In July, defendant was arrested after taking items from a Home Depot without paying. When police searched his car, they found burglary tools and stolen checks and credit cards. He was charged with acquiring personal information with intent to defraud (Pen. Code, § 530.5, subd. (c)(2)); possessing burglary tools (Pen. Code, § 466); and shoplifting (Pen. Code, § 459.5, subd. (a)). The information also alleged he was out of custody on his own recognizance when he committed the offenses (Pen. Code, § 12022.1, subd. (b)). (Case No. B2001981.)

In October, police found defendant in a car with methamphetamine, drug paraphernalia, and stolen credit cards. He was charged with three counts of acquiring personal information with intent to defraud (Pen. Code, § 530.5, subd. (c)(2)), and one count of possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a)). It was again alleged that he committed the offenses while released on his own recognizance (Pen. Code, § 12022.1, subd. (b)). (Case No. C2013116.)

Defendant pleaded no contest in December 2020 to multiple charges in a global disposition that resolved all four cases. He admitted two probation violations and pleaded no contest to four counts of acquiring personal information with intent to defraud (Pen. Code, § 530.5, subd. (c)(2)); one count of possessing burglary tools (Pen. Code, § 466); and one count of shoplifting (Pen. Code, § 459.5, subd. (a)). Defendant also admitted one allegation that he committed one Penal Code section 530.5 offense while released on his own recognizance (Pen. Code, § 12022.1, subd. (b)). The remaining charges were dismissed on the prosecution's motion.

2

Defendant was sentenced in the four cases in March 2021. The trial court imposed an aggregate term of four years eight months, of which three years four months (representing the principal term plus a two-year enhancement) would be custodial time, subject to suspension and release to mandatory supervision after defendant served two years in county jail. Defendant received 353 days of presentence custody credits toward the principal term. He filed a timely notice of appeal indicating the appeal was based on the sentence or other matters not affecting the validity of his plea. We have reviewed the record and have found no arguable issue.

## DISPOSITION

The judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**


_____

Greenwood, P. J.


_____

Lie, J.

H049131 - *People v. Yang*